IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01145-KLM

GATES CORPORATION,

    Plaintiff,

v.

CRP INDUSTRIES, INC.,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Partial Objection to Order of Special Master on CRP's Motion to Compel** [#144][1] (the "Partial Objection"). The Court has reviewed and considered the following pleadings in connection with ruling on the Partial Objection: Defendant's Motion to Compel Production of Certain Communications [#99]; Plaintiff's Response to Defendant's Motion to Compel Production of Certain Documents [#116]; Defendant's Reply Brief in Further Support of Motion to Compel Production of Certain Communications [#126]; Discovery Master's Preliminary Report and Recommendation on Defendant CRP Industries' Motion to Compel Production of Certain Communications [#135]; Discovery Master's Final Order on Defendant CRP Industries' Motion to Compel Production of Certain Communications [#138] (the "Final Order");

---

[1] "[#144]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

Defendant's Partial Objection [#144]; and Plaintiff's Response to Defendant's Partial Objection [#151], and is otherwise fully advised in the premises. For the reasons explained below, the Partial Objection [#144] is **SUSTAINED in part and OVERRULED in part**.

## I. Procedural Background

As discussed in detail in the Discovery Master's Final Order [#138], the dispute at issue involves Defendant's desire for compelled production of documents Plaintiff has identified as protected by various privileges. The Discovery Master conduced an *in camera* review of the disputed documents and determined that some were discoverable and others were not. [#138] at 15-30. Defendant objects to the Discovery Master's conclusion that Plaintiff did not waive the attorney-client privilege by relying on the equitable tolling doctrine in response to Defendant's assertion of a statute of limitations defense. *Partial Objection* [#144] at 6-8. Defendant further objects to the Discovery Master's direction that instead of producing discoverable emails after redacting privileged information from them, Plaintiff should instead "copy from [certain] documents all factual content shared between [Plaintiff] and the government . . . and produce that content to [Defendant]. . . ." *Id.* at 10-11; [#138] at 29. The Court addresses each objection in turn.

## II. Analysis

**A.    "At Issue" Waiver of the Attorney-Client Privilege**

Defendant argues that the Colorado Supreme Court has developed a three-prong test for application of "at-issue" waiver to the attorney-client privilege, but the Discovery Master added his own fourth prong not supported by precedent. "Contrary to the Special Master's Order, Colorado law does not require a party to 'proffer' a privileged document in

an 'attempt[ ] to prove' something in order for at-issue waiver to apply." *Partial Objection* [#144] at 7. The Court disagrees.

Three pertinent decisions of the Colorado Supreme Court make clear that an "at-issue" implied waiver of the attorney-client privilege cannot occur unless the waiving party "place[s] in issue a confidential communication *going directly to* [a] claim or defense." *Mountain States Tel. & Tel Co. v. DiFede*, 780 P.2d 533, 543 (Colo. 1989) (en banc) (emphasis added). The first prong of the three-part test endorsed in *DiFede* is: "[A]ssertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party." *Id.* (quoting *League v. Vanice*, 374 N.W.2d 849, 856 (Neb. 1985)). The second prong of the test is: "[T]he asserting party put the protected information at issue by making it relevant to the case." *Id.* at 544. The third prong is: "[A]pplication of the privilege would have denied the opposing party access to *information vital to* his [position]." *Id.* (emphasis added). In other words, at-issue waiver does not occur unless, because of some affirmative assertion by the privilege holder, vital protected information must be disclosed. The Special Master's conclusion that "the claim or defense [as]serted by the privilege holder must depend upon nondisclosed privileged items" is consistent with Colorado law. *Final Order* [#138] at 23.

In fact, *People v. Trujillo*, 144 P.3d 539 (Colo. 2006) (en banc), held exactly that. The issue in *Trujillo* was whether a criminal defendant impliedly waived the attorney-client privilege by entering into a plea agreement and promising to provide truthful testimony. 144 P.3d at 543. In holding that she did not do so, the Court stated: "if a client asserts a claim or defense *that depends upon privileged information*, she cannot simultaneously use the privilege to keep that information away from the opposing party." *Id.* (emphasis added).

The linchpin of the doctrine is the privilege holder's attempt to somehow rely on privileged information to advance her cause. Without that reliance, privileged information remains not "at issue" and hence, not subject to waiver of the privilege.

This conclusion was further bolstered by the Colorado Supreme Court's decision in *State Farm Fire & Cas. Co. v. Griggs*, 419 P.3d 572 (Colo. 2018). The Court took the opportunity to further clarify what "at issue" means:

> Although our cases have not expressly delineated what it means for privileged communications to be placed "at issue" by way of a claim or defense, we note that the fact that privileged information might become relevant in a given lawsuit could not alone be enough to establish an implied waiver. If it could, then the privilege would lose much of its protective force because "privileged information may be in some sense <u>relevant</u> in any lawsuit."

*Id.* at 575 (emphasis in original) (citation omitted). In concluding that the lawyer's affidavit under scrutiny did not "assert[ ] claims or defenses focusing on advice that [he] gave to State Farm," the Court specifically cited to the affidavit's lack of reference to any advice the lawyer gave to State Farm or to any communications between him and State Farm and held, therefore, that the affidavit did "not *concern* any privileged information." *Id.* at 576 (emphasis added). Most importantly, the Court held that State Farm had not placed privileged communications at issue by filing the affidavit because "State Farm *does not offer the affidavit in support of any claim or defense* that depends on privileged information or attorney advice." *Id.* (emphasis added).

Hence, Defendant's argument fails. Colorado law recognizes that at-issue implied waiver of the attorney-client privilege can only occur when the privilege holder is relying on privileged information to support a claim or defense, based on the long-standing concern for unfairness that results from allowing a privilege-holder to "use as a sword the protection

which is awarded him as a shield." *DiFede,* 780 P.2d at 544. The Discovery Master conducted a full *in camera* review of the privileged documents and "remain[ed] unable [to] see where Gates has relied upon or otherwise put in issue any of its logged lawyer-client communications as the basis for Gates' allegedly delayed filing." *Final Order* [#138] at 25. The Discovery Master's conclusion that the documents remain protected because Plaintiff did not impliedly waive the attorney-client privilege by putting them "at issue" is sound under Colorado law. Defendant's objection regarding the at-issue waiver is, therefore, **overruled**.[2]

### B.     Production of Discoverable Facts from Privileged Documents

Defendant further argues that the method by which the Discovery Master directed Plaintiff to produce non-privileged information from the category A2 documents "is not responsive to a request under Rule 34," and raises unanswered questions. *Partial Objection* [#144] at 10-11. Plaintiff responds that "compiling facts is a reasonable remedy that reduces the burden of producing redactions." *Response to Partial Objection* [#151] at 8.

The Court agrees with Defendant. Defendant propounded a request for these documents under Fed. R. Civ. P. 34. Nothing in the Rule endorses the methodology directed here; instead, the Rule appears to require that a responding party either object to

---

[2] Defendant also contends that the Discovery Master erred by concluding that because Defendant "was able to obtain discovery on matters put in issue by Gates through deposition of Gates' employees," the at-issue waiver argument should be rejected. *Partial Objection* [#144] at 8. I disagree that the Discovery Master based his Final Order on any such conclusion. Instead, he held that because Defendant "has been able to depose a number of Gates' witnesses on the very topic it seeks now to discover from Gates' counsel," Defendant's argument that the disputed documents are the exclusive source of the information needed by Defendant was undermined. *Final Order* [#138] at 26.

production, allow inspection of responsive documents, or produce the documents. Rule 34 provides:

> For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request. The responding party may state that it will produce copies of documents or electronically stored information instead of permitting inspection.

Fed. R. Civ. P. 34(b)(2)(B). Although Plaintiff is entitled to redact attorney-client privileged information and attorney work product, Plaintiff must nevertheless produce the responsive documents in redacted form. *See, e.g., Johnson v. Old Republic Ins. Co.,* No. 10-cv-0460-JHP-FHM, 2012 WL 2368999 at *2 (N.D. Okla. June 21, 2012) (ordering production of redacted documents after *in camera* review); *New Jersey v. Sprint Corp.,* No. 03-2071-JWL, 2006 WL 8440758 at *3 (D. Kan. Dec. 28, 2006) (same); *Bonanno v. Quizno's Franchise Co., LLC,* No. 06-cv-02358-WYD-KLM, 2008 WL 1801173 at *5 (D. Colo. April 18, 2008) (same).

Accordingly, Defendant's objection regarding the method of production by Plaintiff of non-privileged information from the category A2 documents is **sustained**.

### III. Conclusion

For the reasons explained above, Defendant's **Partial Objection to Order of Special Master on CRP's Motion to Compel** [#144] is **SUSTAINED in part and OVERRULED in part**.

IT IS **ORDERED** that **on or before June 5, 2019**, the parties shall comply with the Discovery Master's Final Order [#138], except page 29, paragraphs (2)(b) and (c).

IT IS FURTHER **ORDERED** that **on or before June 5, 2019**, Plaintiff shall produce

to Defendant category A2 documents redacted in accordance with this Order.

Dated: May 30, 2019

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge